AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio

United States of America
v.

Roderick V. Tyree

*Defendant(s)*

Case No. 2:25-mj-124

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  03/07/2025  in the county of  Franklin  in the Southern District of Ohio, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 (a)(1) and (b)(1)(C) | Possession with the intent to distribute less than 500 grams or more of a mixture and a substance containing a detectable amount of cocaine, a schedule II controlled substance. |

This criminal complaint is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

*Caroline Dardini*

*Complainant's signature*

DEA Special Agent Caroline Dardini

*Printed name and title*

Sworn to before me and signed in my presence.
VIA FACETIME VIDEO

Date: 3/7/2025

City and state: Columbus, Ohio

Elizabeth Deavers, U.S. Magistrate Judge

*Printed name and title*

AUSA Kevin Kelley

## AFFIDAVIT

I, Caroline G. Dardini, having been duly sworn, state the following:

## INTRODUCTION

1. I am a Special Agent with the Drug Enforcement Administration (DEA), Columbus District Office, an agent or law enforcement officer of the United States within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), empowered to conduct investigations and enforce federal criminal statutes. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C.§ 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878 and the Ohio Revised Code.

2. I have been a SA with the DEA for 11 months. I am currently assigned to Group 4 of the DEA's Columbus District Office. This group is comprised of narcotics investigators from the DEA and the Columbus Police Department (CPD). Group 4 was designed, in part, to target individuals and groups involved in the manufacture and distribution of methamphetamine, cocaine, heroin, and fentanyl in Franklin County, Ohio. Prior to being employed by the DEA, I was employed for approximately two years as an Intelligence Analyst with The Office of Inspector General (OIG) for the United State Postal Service (USPS). As an Intelligence Analyst, I participated and conducted investigations involving physical surveillance, undercover transactions, controlled purchases and deliveries, court ordered pen registers, and electronic communication interceptions. I received training in the investigation of drug trafficking, telecommunication exploitation, internet communication exploitation, the use of the United States Postal Service facilities in furtherance of narcotics trafficking, and money laundering.

3. As a DEA Special Agent, Your Affiant, has participated in numerous narcotics investigations involving various types of controlled substances. I have received training at the DEA Basic Agent Training Academy located at Quantico, Virginia, pertaining to the investigation of various crimes which arise from narcotics trafficking. These trainings included: money laundering, the use of interstate transportation in the furtherance of narcotics trafficking, the use of the United States Postal Service facilities in furtherance of narcotics trafficking, and the use of telecommunications facilities in the furtherance of narcotics trafficking. I have participated in investigations involving the purchase of controlled substances from suspected narcotics traffickers using both undercover narcotics investigators and confidential sources. I have participated in the drafting and execution of search warrants for residential homes, GPS monitoring devices, financial records/drug proceeds from the sale of narcotics, various documentary evidence of narcotics trafficking, social media platforms, and for the telecommunications devices used by narcotics traffickers. I have conducted surveillance in connection with narcotics investigations and undercover operations.

4. Through the course of these investigations, I have personally interviewed confidential sources and other persons involved in the distribution of illegal narcotics. I have

1

also interviewed persons arrested for the distribution of illegal narcotics. I have spoken with more experienced narcotics investigators with whom I have worked concerning the practices of narcotics traffickers and the best investigative methods to use when conducting investigations of narcotics trafficking organizations. Through the course of my investigations and through my conversations with more experienced narcotics investigators, I have become familiar with the methods and means utilized by persons who participate in the illegal distribution of controlled substances.

## PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of an application for a federal arrest warrant and criminal complaint against Roderick Van TYREE for knowingly and intentionally possessing with the intent to distribute less than 500 grams of a mixture and a substance containing a detectable amount of cocaine, its salts, isomers, and the salts of its isomers, a schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). My knowledge of this investigation is based upon my own personal observations, as well as the observation and investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that Roderick Van TYREE has committed a violation of Title 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C).

## SUMMARY OF PROBABLE CAUSE

2. On March 6, 2024, Your Affiant and investigators from the DEA's Columbus District Office (CDO) had a federal residential search warrant signed for the residence of Roderick Van TYREE at 1171 Willow Oak Drive.

3. At approximately 6:15 am., Your Affiant and investigators from the DEA'S Columbus District office executed a residential probable cause search warrant at 1171 Willow Oak Drive. Upon entry into the residence, investigators apprehended TYREE and Ronell TAYLOR, along with two minor males.

4. At approximately 6:25 am., investigators initiated a search of 1171 Willow Oak Drive and items to be included in the curtilage.

5. At approximately 6:40 am., Your Affiant and investigators from the DEA's CDO located and seized 3 I-Phones from the primary bedroom located on the first floor of the residence, along with 2 additional phones that where located in the basement.

6. Investigators observed two locked doors and one open door leading to a small closet located in the basement at 1171 Willow Oak Drive. Behind the first locked door (closest to the basement stairs) investigators observed a large plastic purple bin with 3 plastic bags containing marijuana. Investigators also observed a second red plastic bin with a scale and several smaller plastic baggies consistent with the practice of breaking down larger quantity of drugs into smaller distribution sizes. Investigators located a white Nike shoe box containing a scale, gloves, smaller baggies, and a Hefty large freezer bag containing individually packaged smaller bags of suspected

cocaine. The substance was field tested and tested presumptive positive for the presence of cocaine. Investigators found two scales and a container with small sandwich size plastic baggies.

7. Investigators observed a small baggie containing a razorblade wrapped in the several layers of plastic located on the TV stand directly in between the two basement boors.

8. Behind the second locked door (furthest from the basement stairs) investigators observed a small plastic baggie containing suspected cocaine located on top of an electrical panel box and several boxes of small to medium plastic baggies stacked in the corner of the closet. This substance was field tested and tested presumptive positive for cocaine. Additionally, investigators located an I-Phone hidden in the open framing above the closet door.

9. Investigators observed that both closets shared access to a crawl space. Within the crawl space investigators observed several brown cardboard boxes filled with boxes of smaller plastic baggies and boxes of rubber gloves.

10. Behind the unlocked closet door located next to the couch, investigators observed several black vacuumed sealed bags containing marijuana. Investigators also observed two large garbage bags filled with discarded wrappers, blue plastic gloves, and small plastic baggies with white residue lining the inside of the baggies and the outside of the blue gloves.

11. Investigators observed a black trash bag located in the closet of the primary bedroom. Investigators observed a Kroger bag with two individual rubber banned bundles of bulk U.S. currency. Additionally, investigators located a large amount of lose U.S. currency in the dresser adjacent to the primary room bed.

12. In addition to the residence, investigators also initiated a search of the three vehicles located within the curtilage. Investigators located a hidden "cut out" under the passenger side dashboard within the black Cadillac Escalade. Investigators observed the hidden "cut out" was in the shape of a hand gun with a separate cut out for a magazine. Investigators observed a legally obtained and registered firearm in a purse of TAYLOR, located on the entrance banister inside the home. The firearm was registered to TAYLOR. Investigators observed a black suitcase in the garage containing multiple empty medium black vacuumed sealed bags emanating the smell of marijuana, along with several checked bag tags showing travel from Columbus to Detroit.

## CONCLUSION

18. Based upon the information presented in this affidavit, there is probable cause to believe that on or about March 7, 2025, in the Southern District of Ohio, Roderick Van TYREE, did knowingly and intentionally possess with the intent to distribute less than 500 grams of a detectable amount of cocaine, , a schedule II controlled substance, in violation of Title 21 U.S.C. § 841 (a)(1) and (b)(1)(C).

3

_Caroline Dardini_

Caroline G. Dardini, SA
Drug Enforcement Administration

SUBSCRIBED and SWORN to before me this 7th day of March, 2025.

Elizabeth Deavers
UNITED STATES MAGISTRATE JUDGE

4